### Frederick Fox v. Henry L. Holcomb.

*Eminent domain: Condemning lands for mill purposes: Petition.* The petition whereby proceedings are instituted to condemn lands for mill purposes under the statute (*S. L. 1873, p. 486*) should show affirmatively that the proposed dam will not injure any mill or mill site, above or below, on the same stream, this being a limitation expressly fixed by the statute upon the exercise of the right conferred.

*Eminent domain: Dams: Navigable streams: Authority from supervisors: Petition.* The constitution (*Art. XVIII., § 4*) inhibiting the damming of navigable streams, except by authority of the supervisors, the petition by which lands are sought to be condemned for the erection of a dam for mill purposes should show whether the stream is a navigable one or not, and if navigable, that the requisite permission has been obtained.

*Proceedings to condemn lands: Petition: Jurisdiction.* In such proceedings the petition is jurisdictional and should affirmatively allege every fact necessary to entitle the petitioner to make the desired improvement, and to enable the parties whose rights would be affected thereby to disprove the same.

*Heard June 7.    Decided June 20.*

*Certiorari* to Probate Court of Gratiot County.

*Leonard & Scott,* for plaintiff in *certiorari.*

*Spaulding & Cranson,* for defendant in *certiorari.*

MARSTON, J:

Defendant in error presented a petition to the probate

court of Gratiot county under *Act No. 196 of the Session Laws of 1873, p. 486,* praying for the appointment of commissioners to ascertain and determine the necessity of taking certain lands therein described for the purposes set forth in the petition.    Defendant in error, in setting forth the facts in his petition, followed and complied with the provisions of section three of the act, but did not go beyond or set forth any other facts than as required by that section. Section five permits all persons whose estates or interests are or may be affected by the proceedings to show cause against the prayer of the petition, and permits them to disprove any of the facts alleged therein.    Beyond this, however, they cannot go, so that the inquiry upon the hearing is restricted to the facts set forth in the petition.    If, therefore, the petitioner is only required to set forth in his petition the facts referred to in section three of the act, some of the most important questions likely to arise in such cases could not be inquired into.    The twelfth section provides that no dam shall be erected or raised to the injury of any mill existing either above or below it on the same stream, nor to the injury of any mill site, whether a mill-dam shall have been lawfully built or used thereon or not.    If the petition does not negative this fact, the parties interested cannot disprove it, even although there should be a mill site upon the lands sought to be overflowed.    Again, the petitioner cannot construct a dam across a navigable stream unless permitted by the board of supervisors of the proper county.    He should, therefore, if the stream is a navigable one, set forth in his petition that he had obtained the requisite permission, so that issue could be taken thereon.    It is true he may claim that the stream is a private one, that no such authority is necessary, and need not, therefore, be set forth in the petition.    This may, however, be a disputed fact, and the petitioner should not be permitted, by omitting all reference thereto in his petition, to prevent the parties interested from inquiring into and disproving all such matters.

The petition is jurisdictional and should affirmatively allege every fact necessary to entitle the petitioner to make the desired improvement, and to enable the parties whose rights would be affected thereby to disprove the same.— Clay v. Pennoyer Creek Improvement Co., supra, p. 204.

The petition in this case is defective in these respects and gave the court no jurisdiction. We were urged upon the argument to consider and pass upon the constitutionality of the act, notwithstanding the fact we might conclude that the court acquired no jurisdiction. As a rule, however, we do not consider it proper in cases where, from defects in the proceedings, the court acquired no jurisdiction, to proceed and discuss questions such as are raised in this case. There may be and sometimes are cases of sufficient public importance to warrant a departure from this rule, but this is not one of them.

For the reasons given, and without noticing other alleged errors, the proceedings before the probate court must be quashed and held for naught, with costs.

The other Justices concurred.